ORDER
PER CURIAM.
This disciplinary proceeding is before the court on the petition of Lewis Marion Williams to modify suspension and the response of The Florida Bar, pursuant to Florida Bar Integration Rule, article 11, Rule 11.07(2).
The respondent was convicted on a number of felony counts in a court of the State of Florida. Florida Bar Integration Rule, article 11, Rule 11.07(2) provides that if a judgment of guilt is entered against an attorney, “the convicted attorney shall stand suspended as a member of The Florida Bar on the 11th day following the entry of the judgment unless he shall before that day file a petition with the Supreme Court to modify or terminate such suspension as elsewhere provided.”
Before the eleventh day following the entry of the judgment against the respondent, he filed a petition to modify suspension, asking that suspension be deferred pending appeal of his felony convictions. This petition, due to its timeliness under the rule, had the effect of deferring the automatic suspension until ruled on by this court. The Florida Bar filed a response and also a separate petition seeking the respondent’s suspension based on his felony convictions. On February 13, 1979, the court denied the petition to modify the automatic suspension and that denial effectively suspended the respondent as of that date.
The respondent has filed a petition for clarification asking that the court rule on *1146 The Florida Bar’s petition for suspension based on felony convictions and that he be allowed a period of time in which to conclude pending legal business. The petition for clarification is denied. The respondent stands suspended from the practice of law as of February 13, 1979.
It is so ordered.
BOYD, Acting C. J., and OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.